IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAUL ANTHONY CUELLAR, 1251912, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1391-O |
| | § | |
| RICK THALER, | § | |
| Director TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 18) and Petitioner's objections thereto (ECF No. 19) filed in accordance with 28 U.S.C. § 636(b)(1). After reviewing all matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Petitioner Raul Anthony Cuellar ("Cuellar") filed a petition for writ of habeas corpus with this Court on August 11, 2008. *See* ECF No. 1. The petition was automatically referred to the United States Magistrate Judge. Petitioner alleges that he received ineffective assistance of counsel at both the trial and appellate levels during his state court criminal proceedings, that his confession was involuntary, and that the trial court erred in admitting his confession and used the wrong standard of review in reviewing his conviction. *See* Findings, Conclusions, and Recommendation ("FCR") 1-2, ECF No. 18. The Magistrate Judge recommends denying Cuellar's petition for writ of habeas corpus. *Id.* at 9. Petitioner objects to the Magistrate Judge's recommendation on five

1

grounds: 1) the Magistrate Judge improperly applied the *Strickland* standard to the facts of Petitioner's case, 2) the Magistrate Judge improperly relied on the assertions made by Petitioner's trial counsel at the hearing on his motion for a new trial; 3) the Magistrate Judge mis-characterized Petitioner's un-called witnesses; 4) Petitioner's appellate counsel was ineffective because he failed to raise standard of review issues; and 5) the Magistrate Judge's conclusions as to the admissibility of Petitioner's confession are incorrect. *See* Pet'r's Obj. 1-8, ECF No. 19.

I. FACTUAL BACKGROUND[1]

Petitioner and his then-wife, Deborah Aikman ("Aikman"), took in Aikman's niece (A.R.) when she was approximately eight years old. A.R. lived with Petitioner and Aikman for approximately four years before Aikman's bipolar condition forced her into residential treatment. From that point until his arrest, A.R. lived alone with Petitioner.

In October 2003, when A.R. was thirteen years old, she and her sixteen year old friend Misty Kempf ("Kempf") asked Petitioner if A.R. could spend the night with Kempf. A.R. alleges that Petitioner responded "if you give me a helmet wash," which she understood to mean "to give him head." *See* FCR 2, ECF No. 18. At trial, Kempf testified that she did not know what the term meant, but that shortly afterwards A.R. began crying and told her what it meant. A.R. told Kempf that on several occasions Petitioner coerced her into performing sexual acts with him. Kempf immediately told her mother Angela upon returning home.

The following day, Angela called the Mesquite Police Department, who picked up Petitioner at the home he shared with A.R. Petitioner was questioned for approximately three hours by

---

[1] The Court accepts the factual recitation contained in the Findings and Conclusions of the United States Magistrate Judge, which adopted the factual findings contained in the opinion of the Fifth District Court of Appeals. *See* FCR 2-4, ECF No. 18 (quoting *Cuellar v. State*, Nos. 05-04-01226-CR & 05-04-01227, 2-4 (Tex. App.–Dallas, Oct. 22, 2006, no pet.)). Accordingly, the Court will only briefly review the relevant facts from the underlying case.

Detective Michael Holley of the Sexual Assault Unit of the Mesquite Police Department. The interrogation was neither audio nor video recorded. Petitioner claims he asked for an attorney several times, while Detective Holley testified that Petitioner never asked for an attorney. At trial, the State produced a *Miranda* warning card signed by Petitioner at the outset of his interview with Detective Holley. During the interview, Detective Holley prepared a written statement for Petitioner's signature, but Petitioner declined to sign the statement and wrote out his own. Petitioner signed the second statement.

Both the signed and unsigned statements were offered into evidence by the State. Petitioner timely objected to both statements. While the trial court initially upheld Petitioner's objection as to the unsigned statement, the court later admitted the unsigned statement for the purposes of impeaching Petitioner.

## II. PROCEDURAL BACKGROUND

On August 5, 2004, Petitioner was convicted on two charges of aggravated sexual assault. He was sentenced to twenty-five years imprisonment on each charge, to be served concurrently. On October 11, 2006, the Fifth District Court of Appeals affirmed the convictions.

On August 14, 2006, Petitioner filed two state petitions for writs of habeas corpus. On November 8, 2006, the Court of Criminal Appeals dismissed the petitions on procedural grounds. On January 8, 2007, Petitioner filed two more state petitions. On July 30, 2008, the Court of Appeals denied the petitions without written order. On August 6, 2008, Petitioner filed the instant petition.

## III. LEGAL STANDARDS

### A. Standard of Review for Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the

availability of federal habeas relief. *See* 28 U.S.C. § 2254(d). The AEDPA denies habeas relief for any claim adjudicated on the merits[2] in State court unless the state court adjudication: "(1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." *See id.*

Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite that reached by the United State Supreme Court on a question of law, or if that state court decides a case differently from the United States Supreme Court on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application of" clause, the AEDPA allows federal habeas relief if the state court properly identifies the governing legal standard as set out by the United State Supreme Court, but unreasonably applies that standard to the facts. *See Harrington*, No. 09-587, 2011 WL 148587, at *10-11.

B. Ineffective Assistance of Counsel

While Petitioner raises several objections to the Findings and Conclusions of the Magistrate Judge, they all rest upon his allegations of ineffective assistance of counsel at both the trial and appellate levels. *See* Pet'r's Obj. 2-8, ECF No. 19. "An ineffective assistance of counsel claim is evaluated under the standard announced in *Strickland v. Washington*." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). "A convicted defendant's claim that counsel's assistance was so defective

---

[2] In *Harrington v. Richter*, the Supreme Court explicitly held that a State court need not produce a statement of reasons in order for a decision to qualify as "on the merits." *See* No. 09-587, __ S. Ct. __, 2011 WL 148587, at *5 (U.S. Jan. 19, 2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

4

as to require reversal . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* In order to show deficiency, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudice the defense." To show prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Both prongs must be shown by a preponderance of the evidence." *Crane*, 178 F.3d at 312.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In evaluating counsel's performance, the court "must make every effort to 'eliminate the distorting effects of hindsight.'" *Crane*, 178 F.3d at 312 (quoting *Strickland*, 466 U.S. at 689). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691 (citing *United States v. Morrison*, 449 U.S. 361, 364-65 (1981)). "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the

Constitution." *Id.* at 692. To prove prejudice, petitioner "must show a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "However, the mere possibility of a different outcome is not sufficient to prevail . . . [r]ather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* at 612-13 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

IV. ANALYSIS

The Magistrate Judge found that Petitioner Cuellar failed to prove either prong of his ineffective assistance of counsel claim as to both his trial and appellate counsel, and recommends denying Cuellar's petition for writ of habeas corpus. *See* FCR 9, ECF No. 18. Petitioner objects to the Magistrate Judge's recommendation on five grounds: 1) the Magistrate Judge improperly applied the *Strickland* standard to the facts of Petitioner's case, 2) the Magistrate Judge improperly relied on the assertions made by Petitioner's trial counsel at the hearing on his motion for a new trial; 3) the Magistrate Judge mis-characterized Petitioner's uncalled witnesses; 4) Petitioner's appellate counsel was ineffective because he failed to raise standard of review issues; and 5) the Magistrate Judge's conclusions as to the admissibility of Petitioner's confession are incorrect. *See* Pet'r's Obj. 1-8, ECF No. 19. The Court will consider each of Petitioner's objections in turn.

Petitioner first objects to the Magistrate Judge's application of the *Strickland* standard, specifically his "reliance on deference as asserted on page 5." *See* Pet'r's Obj. 1, ECF No. 19. Petitioner argues that an attorney must investigate potential witness testimony and courts must decline to give deference to strategic decisions made by attorneys in the absence of such investigation. However, Petitioner offers no proof whatsoever that his attorney did not investigate

6

to see if "possible witnesses . . . could support his client's version of the facts and defense." *Id.* at 2. Petitioner's trial counsel testified that "[t]he only evidence these witnesses would have provided was that the victim was lying." *See* FCR 6, ECF No. 18. Petitioner's attorney made the strategic decision not to "slime" the victim because of how such actions would play to the jury, and because of the presence of two corroborating witnesses. *Id.* at 6-7.

"[F]ailure to present mitigating evidence does not per se demonstrate ineffective assistance of counsel." *Crane*, 178 F.3d at 314. In this case, "[t]rial counsel decided the evidence was potentially more harmful than helpful [and] [s]uch strategic decisions are given 'a heavy measure of deference.'" *Id.* at 315 (quoting *Mann v. Scott*, 41 F.3d 968, 984 (5th Cir. 1994)). Petitioner's trial counsel made an informed decision not to call witnesses attacking the victim's character for truthfulness. The Court must give deference to such strategic decision. *Cf. id.*

Moreover, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 2011 WL 148587, at *13. Both the *Strickland* and AEDPA standards are highly deferential "and when the two apply in tandem, review is 'doubly' so." *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. __, 129 S. Ct. 1411, 1420 (2009)). Accordingly, the Court finds that the Magistrate Judge gave the informed decisions of Petitioner's trial counsel proper deference under *Strickland* and the AEDPA. Since Petitioner must prove "[b]oth prongs" of the *Strickland* standard to succeed on his ineffective assistance of counsel claim, the Court need not investigate Petitioner's allegations as to prejudice.

Petitioner next objects to the Magistrate Judge's "reliance on the motion for new trial assertions" made by his trial counsel. *See* Pet'r's Obj. 4, ECF No. 19. Petitioner alleges that any testimony corroborating the victim's representation of the facts amounted to "hearsay" and, accordingly, trial counsel's assertions that there were corroborating witnesses is false. Petitioner's

7

post-hoc description of the trial testimony does not amount to proof that the testimony of the corroborating witnesses amounted to inadmissible hearsay. Moreover, the strategic decision not to slime a young victim is still in the sound discretion of the trial counsel. Petitioner attempts to craft an argument from case law noting that jurors are the triers of fact. The question is not whether jurors are the triers of fact, but whether trial counsel made a reasonable strategic decision not to attack the character of the young victim. As stated above, the Court finds the decision within the reasonable bounds of trial counsel's discretion, "'doubly so'" considering the limiting prism of the AEDPA. *Cf. Harrington*, 2011 WL 148587, at *13 (quoting *Knowles v. Mirzayance*, 129 S. Ct. at 1420).

Petitioner's third objection is that the Magistrate Judge mis-characterized the case facts. Specifically, Petitioner attacks the Magistrate Judge's questioning of whether any un-called witnesses would have testified favorably for the defense. *See* Pet'r's Obj. 5, ECF No. 19. Petitioner, however, misreads the Magistrate Judge's finding. The Magistrate Judge expressly found (per Petitioner's prior objections) that as to the witnesses Petitioner called at the hearing on his motion for new trial, Petitioner "has not shown that his counsel's conduct fell outside of reasonable trial strategy." *See* FCR 7, ECF No. 18 (citing *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992)). The Magistrate Judge then found that, as to any other uncalled witnesses, Petitioner has failed to show that they would testify favorably. In his objection, Petitioner cites solely to those character witnesses called at the hearing on his motion for a new trial. *See* Pet'r's Obj. 5-7, ECF No. 19. Accordingly, Petitioner has still failed to prove that any witnesses not called at his motion for new trial hearing would testify favorably or differently from those character witnesses called at the hearing.

Petitioner's fourth objection is to the Magistrate Judge's findings as to his appellate counsel.

*Id.* at 7. Petitioner contends that his appellate counsel failed to raise standard of review issues at his motion for new trial. Petitioner argues that he was prejudiced by having a new judge preside over his motion for new trial, rather than the judge who presided over his trial. Petitioner also asserts that there can be no deference given to the decisions of the state court because the motion for a new trial was adjudicated by a different judge than the trial. *Id.* However the AEDPA does not provide for such a distinction, resting deference solely upon the grounds that the state court adjudication occurred "on the merits." *See* 28 U.S.C. § 2254(d). Morever, there is no evidence that having a different judge preside over the motion for new trial was prejudicial.

Petitioner also asserts that the witnesses that testified at his motion for new trial hearing should not be considered merely cumulative, and both the state courts and the Magistrate Judge improperly called such testimony cumulative. Petitioner argues that evidence that goes beyond merely impeaching a witness and tends to show perjury should not be viewed as cumulative. *See* Pet'r's Obj. 7-8, ECF No. 19. Petitioner has failed to show any evidence whatsoever that any of the prosecution's witnesses committed perjury. Petitioner has only presented evidence generally questioning the character for truthfulness of the victim. Accordingly, Petitioner relies upon plainly inapplicable case law and the character evidence could reasonably be considered cumulative.

Lastly, Petitioner objects that the two statements produced during his interrogation were improperly admitted into evidence. *See id.* at 8-9. The Magistrate Judge held that, as to Petitioner's signed confession, "unsupported conclusory allegations that police officers coerced a confession, without any evidence in support" does not warrant federal habeas relief. *See* FCR 8, ECF No. 18 (citing *Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987)). Petitioner has presented no evidence of coercion. Moreover, at trial the State produced a signed *Miranda* card, disputing his claims that he asked for and was denied an attorney. The Magistrate Judge also held that while

Petitioner's unsigned statement was initially properly excluded under article 38.22 of the Texas Code of Criminal Procedure, the trial judge properly allowed in the statement to impeach Petitioner once he took the stand. *Id.* at 8. Article 38.22 provides that "[n]o oral . . . statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless . . . an electronic recording . . . is made of the statement." *See* Tex. Code. Crim. Proc. art. 38.22 § 3(a). However, an unrecorded statement may be used in open court if the statement "has a bearing upon the credibility of the accused as a witness." *Id.* § 5. The unrecorded statement was initially excluded by the trial court, and was only admitted following Petitioner's testimony for the purposes of impeachment, in accord with Texas law. Petitioner vaguely attacks this evidentiary exception as "unconstitutional" however no grounds are provided for such an attack. *See* Pet'r's Obj. 8, ECF No. 19.

V. CONCLUSION

For foregoing reasons, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge. Accordingly, Petitioner Cuellar's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) should be and is hereby **DENIED**.

**SO ORDERED** on this **25th** day of **January, 2011.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**